**Dated: June 29, 2006**

**The following is ORDERED:**



_____
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **FIVE STAR ROOFING, INC.** | ) | Case No. 03-74415 |
| | ) | Chapter 11 |
| | ) | |
| **GARY N. CLAY** | ) | Case No. 03-74414 |
| **THERESA S. CLAY** | ) | Chapter 11 |
| | ) | |
| | ) | Substantively Consolidated Under |
| Debtors, | ) | Case No. 03-74415 |
| | ) | |
| **FIVE STAR ROOFING, INC.,** | ) | |
| **GARY N. CLAY, and** | ) | |
| **THERESA S. CLAY** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adv. No. 05-7054 |
| | ) | |
| **PATE INDUSTRIAL SUPPLY, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

EOD 6/30/06 by cc

On the 8th day of May, 2006, the above-referenced adversary came on for trial. Appearances were entered by Pat Malloy, Attorney for Plaintiffs, and Edwin Gage, Attorney for Defendant. After reviewing the testimony and evidence, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Plaintiffs commenced this adversary proceeding on April 13, 2005, seeking a determination of the value and extent of Defendant's alleged secured claim pursuant to 11 U.S.C. § 506. The parties stipulated to the following facts, as provided in the Pre-Trial Order entered January 1, 2006, and as amended on February 7, 2006:

1. That Defendant is owed the sum of $8,040.30.

2. That Defendant filed a mechanic's lien against the subject property on August 15, 2003, for alleged material last furnished to the subject property on May 14, 2003.

3. That IBC Bank (IBC) filed its real estate mortgage against the subject property on the 28th day of March, 2003.

4. That as of the date of plan confirmation IBC was owed the sum of $962,784.75.

The property at issue is real estate in Muskogee County, Oklahoma, that is used to operate the Debtors' racetrack known as Outlaw Motor Speedway. Defendant asserts he holds a valid secured claim in the amount of $8,040.53 by virtue of the Mechanic's Lien. Plaintiffs do not contest the amount due and owing to Defendant, however they do dispute that any materials provided by Defendant were delivered to the racetrack. Plaintiffs also assert that Defendant's interest is junior to IBC's interest, and the value of the property does not exceed the amount due and owing to IBC. Therefore, Plaintiffs argue, Defendant's claim should be allowed as a general unsecured claim. Defendant argues that it did furnish materials that were

2

used in the construction of the racetrack, and that its interest is senior to that of IBC.

In an Order entered June 28, 2006, in the related adversary proceeding *Five Star Roofing, Inc., v. Glover*, Adv. No. 05-7052, this Court found the value of the subject property to be $915,000.00. In order for the Defendant in this case to succeed, this Court must find that Defendant holds a valid mechanic's lien that is senior to IBC's interest in the subject property.

The right to a mechanic's lien is governed in part by Section 141 of the Oklahoma Statutes, which provides in part:

> Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, furnish material or lease or rent equipment used on said land for the erection, alteration or repair of any building, improvement or structure thereon ... shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances ... Such liens shall be preferred to all other liens or encumbrances which may attach to or upon such land, buildings, or improvements or either of them subsequent to the commencement of such building, the furnishing or putting up of such fixtures or machinery ... and such lien shall follow said property and each and every part thereof, and be enforceable against the said property wherever the same may be found, and compliance with the provisions of this act shall constitute constructive notice of the claimant's lien to all purchasers and encumbrancers of said property or any part thereof, subsequent to the date of the furnishing of the first item of material ....

Okla. Stat. Ann. tit. 42, § 141 (West 2001). A materialman must show that the material furnished went into the building, and a prima facie case is made by showing (1) the material was sold to be used in the building, (2) that it was delivered to the building site and the building was erected and (3) the material was used in the building. *DeBolt v. Farmers' Exch. Bank,* 151 P. 686 (Okla. 1915). "Delivery of the material to the construction site is one way to show that the material was used in the project." *Roofing & Sheet Metal Supply Co. v. Golzar-Nejad Khalil, Inc.,* 925 P.2d 55, 58 (Okla. 1996). A mechanic's lien may be avoided by showing that payment was made for the materials or that the material was not used in

3

constructing the building. *Id.*

> And where the evidence shows that some of the material furnished for the erection of a building upon certain premises has been diverted elsewhere, then before the materialman can recover for the material that actually went into the building there must be such evidence presented on that point that the court or jury can find therefrom with reasonable definiteness the part that went into the building, and if it is shown what part went into the building, and its reasonable value, then the materialman will be entitled to a lien for that sum ...

*DeBolt,* 151 P. at 687.

This Court heard the testimony of Mr. Clay, the owner of the racetrack. Mr. Clay was also the owner of Five Star Roofing, Inc., a commercial roofing company that is no longer in operation following its liquidation in the bankruptcy case. Mr. Clay testified that the items purchased from the Defendant were used in the operation of Five Star Roofing. He further stated that none of the materials were used at the racetrack. No materials were delivered by the Defendant to either the racetrack or the roofing company. Mr. Clay or his employees would pick up any materials that were purchased from the Defendant. Mr. Clay stated at trial that he never indicated to any employee of the Defendant that the purchased materials were to be used at the racetrack.

This Court heard the testimony of Dannie Nault, a stockholder and officer of Defendant. This Court also heard testimony from Robert Eller and David Kummer, both employees of Defendant. The witnesses were familiar with the Plaintiffs and the transactions that gave rise to the debt owed by Plaintiffs to the Defendant. All three witnesses stated they were told by Mr. Clay or his employees that the materials purchased from Defendant were for the racetrack property. Several invoices introduced at trial reference the racetrack, however every invoice lists the buyer of the materials as Five Star Roofing.

4

Case 05-07054   Doc 49   Filed 06/30/06   Entered 06/30/06 10:39:28   Desc Main
Document      Page 4 of 5

Defendant also introduced into evidence a copy of a check dated August 4, 2003, from Gary N. Clay "D/B/A Outlaw Motor Speedway" to the Defendant for $8,048.53, the amount of Defendant's claim. The check was returned, apparently due to insufficient funds. Mr. Clay explained at trial that in August of 2003, he was trying to personally pay some of the liabilities of Five Star Roofing.

The evidence supporting a mechanic's lien is lacking in this case. A few references to the racetrack on invoices, combined with the testimony of Defendant's employees that they were told the materials were for the racetrack, is not sufficient proof that the materials were used in the improvements on the racetrack. Defendant did not deliver the materials to the racetrack property. Even if the employees of the Defendant were told that the materials were for the racetrack, they did not know with certainty whether the materials were actually used at the racetrack or not. This Court cannot trace any of the materials that were purchased to an improvement on the racetrack property. Therefore, this Court finds that the Defendant has failed to prove its status as a mechanic lien holder, and Defendant's claim should be allowed as a general unsecured claim.

IT IS THEREFORE ORDERED that Defendant's claim shall be allowed as a general unsecured claim.

###